# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KEVIN BROOKS,              )
                             )
       Petitioner,         )
                             )
v.                         )          CV418-248
                             )
CLINTON PERRY, JR. WARDEN,  )
                             )
       Respondent.      )

## REPORT AND RECOMMENDATION

Petitioner, an inmate at Macon State Prison, brings this 28 U.S.C. § 2254 case raising three grounds for relief all stemming from alleged ineffective assistance of appellate counsel.  After an initial review, the Court ordered the respondent to respond.  Doc. 8.  Respondent did, and requested that the Court deny petitioner relief.  Doc. 12-1.  Petitioner did not respond.  For the following reasons, the petition should be **DENIED**.

## I.   BACKGROUND

On January 23, 2013, a Chatham County grand jury indicted petitioner Kevin Brooks and co-defendant Brian Jones for armed robbery, false imprisonment, burglary, aggravated assault, kidnapping,

possession of cocaine, and possession of a firearm by a convicted felon.[1]

Doc. 13-6 at 18-21.  According to the Georgia Court of Appeals,

> [T]he evidence shows that when the victim pulled into his driveway after being out for the evening, Brooks and Jones, who were armed, approached him from the side of the house. The men said, "You know what this is." The victim, Brooks, and Jones entered the victim's house, and the men demanded money, drugs, and jewelry. The men began searching the victim's house and took his jewelry and phone. Jones went into a bedroom where the victim's 12-year-old son was sleeping. The boy woke up, and Jones threatened him with a pistol and took his phone. Jones kept the boy in his bedroom through the night. The boy heard another man demanding money, jewelry, and drugs from his father.
>
> The next morning, in order to get the men to leave, the victim told them that he could withdraw money for them from his credit union account. Brooks and the victim drove in the victim's car to downtown Savannah and Jones stayed with the victim's son at the house. The victim drove through the city, hoping to encounter a police officer, while Brooks kept him at gunpoint. The victim saw a police officer and began driving toward her to get her attention. The officer pulled her weapon. The victim jumped out of the rolling car, threw up his hands, and said, "They got a gun!" The car crashed into a building and Brooks fled. The victim told the officer that his son was being held captive at his house. She called for assistance. Officers then saw Brooks enter the back door of a restaurant. The SWAT team found Brooks hiding behind a file cabinet in the restaurant's office. When an officer patted down Brooks, he found in Brooks's pocket a

---

[1] Because of the events surrounding petitioner's arrest, his case is colloquially known as the "Olde Pink House Standoff" case.  Defendants sentenced in Olde Pink House standoff case, https://www.savannahnow.com/article/20130408/NEWS/304089816.

Crown Royal bag containing 10.5 grams of cocaine and the victim's jewelry.

In the meantime, police arrived at the victim's house. Jones hid in the attic. The boy exited the house, and the police took him to the station, where he was reunited with his father. Eventually Jones exited the house, got into the victim's girlfriend's car, backed it out, and fled. The street was a dead-end, and Jones crashed the car into some trees. He exited the car and fled on foot. He was eventually caught in the woods.

*Brooks v. State*, 772 S.E.2d 838, 842 (Ga. Ct. App. 2015).

This case challenges the validity of Brooks' 2013 conviction for armed robbery, false imprisonment, burglary, aggravated assault, and possession of a controlled substance following a jury trial. Doc. 13-6 at 178-80. Brooks filed a motion for a new trial raising several claims including whether the indictment against him should have been quashed, whether his case suffered from a *Bruton* violation, and whether the 404(b) evidence was properly admitted. Doc. 1-3. The motion for a new trial was denied. *Id*. at 4. Petitioner—along with his codefendant—filed a direct appeal and the Court of Appeals affirmed his convictions. *Brooks*, 772 S.E.2d 838. On December 4, 2015, petitioner filed a petition for a writ of habeas corpus in Macon County challenging his conviction. Doc. 13-1. He amended this petition three

times, finally filing a "Fourth Amendment" on October 12, 2016.  *See, e.g.,* doc. 13-4.  This amendment raised the following grounds:[2]

1. Appellate counsel failed to show how trial counsel's decision not to quash petitioner's defective indictments in a timely manner prejudice the petitioner.

2. Appellate counsel was ineffective for failing to show trial counsel's ineffectiveness for not filing a motion to sever, or object to any *Bruton* violation throughout the trial.

3. Appellate counsel was ineffective for failing to show trial counsel's ineffectiveness for not providing proper evidence to support Petitioner's similar transaction claim, and also for appellate counsel's decision not to raise a reversible error involving the courts allowing the similar transaction under admission only, and where Petitioner never had any prior felony convictions, and where the state did not meet required prongs.

4. Appellate counsel was ineffective in failing to show how the evidence the state presented at trial was insufficient to find Brooks guilty beyond a reasonable doubt.

*Id.* at 1-2.  An evidentiary hearing was conducted on December 5, 2016 on the fourth amended petition.  Doc. 13-5 at 5-83.  On October 10, 2017, the state habeas court denied relief.  Doc. 13-11.  On September 10, 2018, the Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal.  Doc. 13-13.

─────────────────

[2] Quotations have been edited for clarity and to eliminate spelling and grammatical errors.

Petitioner filed this federal petition on October 17, 2018.  Doc. 1. He raised three claims:

1. Appellate counsel was ineffective in failing to argue that his trial counsel was ineffective for not quashing both indictments which were returned by a convicted felon.

2. Appellate counsel was ineffective for failing to cite case law or show prejudice when arguing the *Bruton* violation.

3. Appellate counsel was ineffective for failing to show ineffective assistance on trial counsel's decision not to object to the introduction of the 404(b) evidence.

The Court granted petitioner leave to proceed in forma pauperis (IFP) and ordered respondent to show cause why relief should not be granted.  Doc. 8.  Respondent answered.  Doc. 12.  Respondent argues that the Court should defer to the state habeas court's rulings.  *Id.*

## II.   STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

5

> Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Accordingly, § 2254 creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations and quotations omitted).

*Brown v. Payton*, 544 U.S. 133, 141 (2005), explained the difference between the two clauses as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Id.* (citations omitted).  As a result, "AEDPA's standard is intentionally difficult to meet." *Woods v. Donald*, ___ U.S. ___, 135 S. Ct. 1372, 1376 (2015) (internal quotes and cites omitted). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103; *id.* at 102-03 (federal habeas review exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."); *see also White v. Woodall*, 572 U.S. 415, 419 (2014) (the "unreasonable application" of clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citations and quotations omitted); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (same).

As to the "facts" prong, the inquiry focuses not on whether "the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Shiriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citations omitted); *see Wood v. Allen*, 558 U.S. 290, 301 (2010) (it is not sufficient that "the

federal habeas court would have reached a different conclusion in the first instance." Rather, the state court's decision must be "objectively unreasonable"). State factual findings have been found "unreasonable" under § 2254(d)(2) when the direction of the evidence, viewed cumulatively, was "too powerful to conclude anything but [the petitioner's factual claim]," *Miller-El v. Dretke*, 545 U.S. 231, 265 (2005), and when a state court's finding was "clearly erroneous." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003); *see Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015).

AEDPA's requirements reflect a "presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citations omitted). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods*, 135 S. Ct. at 1376. This is true for claims of ineffective assistance of counsel, where AEDPA review must be "doubly deferential" in order to afford "both the state court and the defense attorney the benefit of the doubt."

8

*Burt v. Titlow*, 571 U.S. 12, 15 (2013) (*quoting Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

Finally, sandbagging is prohibited.  Petitioners must submit their claims to the state courts first.  New claims advanced to a federal habeas court but not to the proper state court face dismissal on exhaustion, if not procedural default, grounds.  Respondent has not argued, and the Court has been unable to discern that any of petitioner's claims are either unexhausted or procedurally defaulted. As a result, the Court addresses each of his claims on the merits below. However, because petitioner cannot meet the standard set forth by AEDPA, his petition should be denied.

## III.   DISCUSSION

Petitioner contends that his appellate counsel was ineffective for failing to challenge the defective indictments returned by a convicted felon, failing to challenge the *Bruton* violation, and failing to object to the admission of other acts evidence under rule 404(b).  Each of these claims was raised before and addressed on the merits by the state habeas court.

To prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner must establish that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013) ("Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*.") (quot[es] omitted). Under the deficient performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *Rambaran v. Sec'y, Dep't of Corr.*, 821 F.3d 1325, 1331 (11th Cir. 2016). To show an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice. *Strickland*, 466 U.S. at 690. Prejudice is shown if "'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rivers v. United States*, 2016 WL 2646647 at * 1 (S.D. Ga. May 9, 2016) (*quoting Strickland*, 466 U.S. at 687)). That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington*, 131 S. Ct., at 791. After review of the record in this case, the Court cannot determine

that the state court's application of *Strickland* to petitioner's ineffective assistance of counsel claims was objectively unreasonable.  As a result, his petition should be **DENIED**.

      A. <u>Failure to Challenge Indictment</u>

Petitioner alleges that his appellate counsel was ineffective for failing to show his trial counsel's ineffectiveness in addressing the defective indictment.  Doc. 1 at 16.  Petitioner argues that the grand jury which returned the indictment of which he was ultimately adjudged guilty had a convicted felon on the panel.  *Id.*  The state ultimately dismissed the vast majority of the indictments returned by this panel, however, he was not afforded the same opportunity.  *Id.* Because the indictments against him were not quashed, he argues that his counsel failed him.  *Id.*

Petitioner's appellate counsel asserted that petitioner's trial counsel was ineffective for failing to challenge the first indictment. *Brooks*, 772 S.E.2d at 845-46.  And the habeas court received testimony as to the decision to not challenge the indictments returned by a convicted felon.  Doc. 13-11 at 5.  Specifically, the state habeas court noted that appellate counsel understood that trial counsel and

petitioner had discussed filing a motion to quash the indictment or proceeding to trial and that *petitioner* had determined that he did not want to delay trial. *Id.* Moreover, the court found that appellate counsel was not ineffective because even if trial counsel had moved to quash both indictments, "the trial court would not have been required to grant the motions and could, instead, have entered a judgment of nolle prosequi as to one or both of them," resulting in the filing of a third indictment. *Id.* at 7.

Because the trial court could have dismissed the indictment and refiled it against Brooks, this decision was, as the Georgia Court of Appeals noted, a "reasonable trial strategy." *Brooks*, 772 S.E.2d at 845 (*citing Robinson v. State*, 594 S.E.2d 696 (Ga. Ct. App. 2004) (tactical decision not to delay trial was not ineffective assistance)). As a result, Brooks cannot show ineffective assistance of appellate counsel in raising the challenge to the first indictment at this stage in the game. This decision is bolstered by the fact that trial counsel and petitioner discussed the decision to not challenge the indictment when they became aware of the presence of the convicted felon on the panel. Because petitioner made an affirmative decision to proceed with the

indictment as it stood, after consultation with his attorney regarding the tactical benefits and disadvantages, there is no indication of ineffective assistance.

As to appellate counsel's failure to address trial counsel's decision not to challenge the second indictment, the same argument holds. Because the state would have been free to seek an indictment from a properly formed jury and because the state had ample evidence to support the procurement of that indictment, appellate counsel was not ineffective in failing to challenge trial counsel's decision not to seek to dismiss the second indictment.[3]   As a result, this claim also fails.

_____

[3] As the Georgia Court of Appeals noted

> [e]ven assuming . . . that there was no strategic reason for not filing a timely challenge to the indictment (like the desire not to delay the trial), and thus that trial counsel performed deficiently, [Brooks has] not shown prejudice.  If a timely motion to quash had been filed, the indictment likely would have been dismissed because a [convicted felon] served on the grand jury in violation of OCGA § 15-12-60 [(c)].  The [s]tate would have been free, however, to obtain the identical indictment from a properly constituted grand jury.  A dismissal would have been the first in this case, allowing the [s]tate to re-indict.  See OCGA § 17-7-53.1 (barring prosecution after two indictments charging the same offenses have been quashed).  The [s]tate would have faced no imminent deadlines under the statute of limitations for the crimes with which Appellants were charged.  *See* OCGA § 17-3-1[ ](c).  And the [s]tate had ample evidence to support the indictment.  Under these circumstances, [Brooks] cannot show a reasonable probability that, but for the failure of trial counsel to file a timely motion to quash the indictment, the outcome of the trial would have been different.

Moreover, the fact that an ineligible individual sat on a grand jury does not make the indictment void *per se*. In Georgia, an indictment is not automatically void because of the presence of an ineligible individual on the grand jury. *Garza v. State*, 753 S.E.2d 651, 653 (Ga. Ct. App. 2014); *Brooks*, 772 S.E.2d at 842-43 (2015) (same). Likewise, in Georgia, challenges to an indictment must be brought within 10 days from the date of an arraignment or else the argument is waived. *Bighams,* 765 S.E.2d at 920. Put differently, even if petitioner's trial counsel had failed to move to quash the indictment, the indictment itself would not be void and as a result, would not be grounds to overturn petitioner's conviction.

### B. *Bruton* Violation

Petitioner's second ground for habeas relief relates to an alleged *Bruton* violation which occurred at trial. Brooks' co-defendant gave a videotaped statement that incriminated Brooks. Doc. 13-5 at 119. To avoid potential violations of the Confrontation Clause, the state prepared a revised written statement to the jury. *Id.* However, during

---

*Brooks*, 772 S.E. 2d at 845-46 (*quoting Bighams v. State*, 765 S.E.2d 917, 921 (Ga. 2014)).

the course of the trial, a witness referenced the recorded videotape to the jury and the prosecutor referenced Jones' recorded statement in closing argument when he argued; "[a]ccording to Jones himself, when they first got in the house . . . ".  Doc. 13-10 at 232.  The jury eventually received the redacted version of the statement to consider at trial.  Doc. 13-5 at 159.

In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that "the Confrontation Clause was violated by the admission of 'powerfully incriminating extrajudicial statements' of a non-testifying codefendant, despite a curative instruction given to the jury." *United States v. Mendez*, 490 F. App'x 287, 295 (11th Cir. 2012). In doing so, the Court held that "a defendant's confrontation right is violated when the court admits a codefendant statement that, in light of the Government's whole case, compels a reasonable person to infer the defendant's guilt."  *United States v. Schwartz*, 541 F.3d 1331, 1351 (11th Cir. 2008).

As an initial matter, appellate counsel did raise the argument regarding the alleged *Bruton* violation when he argued that the state court should have severed petitioner's trial from that of his co-

defendant.  *Brooks*, 772 S.E.2d at 845-46; doc. 13-5 at 116-122; *see, e.g.,* doc. 13-5 at 159 (testimony of trial attorney regarding severing of trial). The appellate court denied petitioner's appeal on this basis.  *Id.* at 399-400.   The state habeas court also reviewed petitioner's allegation of ineffective assistance of appellate counsel.  At the state habeas hearing, petitioner's trial counsel testified and noted that

> There was a motion to sever filed.  What the Court did, and what the district attorney did, was redact the statement. There was no reference in the statement to Mr. Brooks at all. The way it was redacted, they put in the codefendant's statement.  But it only indicated what he did.  It in no way referenced Mr. Brooks.

Doc. 13-5 at 159.  Relying on this testimony, the state habeas court determined that there was no ineffective assistance of counsel in regard to petitioner's alleged *Bruton* violation.  Doc. 13-11 at 8.

Petitioner has not made a showing sufficient to overturn the state habeas court's determination in this case.  The *Bruton* violation was raised and considered on appeal, and then considered again—with accompanying testimony—by the state habeas court.  *See id*.  Although his appellate counsel argued the issue, there is no evidence that petitioner's underlying conviction was colored by the trial court references to Jones' statements.  The only portion of the trial which did

16

implicate Jones' commentary towards Brooks was at closing when there was sufficient evidence in the record to show that Brooks was involved in the crime. Likewise, considering the otherwise overwhelming evidence presented against petitioner, it is unlikely that any *Bruton* violation affected the conviction. *See United States v. Turner*, 474 F.3d 1265, 1278 (11th Cir. 2007) (no *Bruton* violation where government presented overwhelming evidence); *United States v. Gonzalez*, 183 F.3d 1315, 1323 (11th Cir. 1999) (*Bruton* error harmless where other evidence showed full participation in crime) (overruled on other grounds). As a result, Petitioner can neither show deficient performance nor prejudice in his appellate counsel. Because appellate counsel did raise the question of the *Bruton* violation, and because the state habeas court's determination that no such violation occurred was not clearly incorrect or unreasonable, petitioner's federal habeas claim based on *Bruton* should be denied.

C. <u>404(b) Evidence</u>

Petitioner finally argues that his appellate counsel was ineffective for failing to object to the use of certain character evidence to prove the "prongs" of identity and motive. Doc. 1-1 at 28. Petitioner contends

17

that the 404(b) evidence which was admitted against him at trial was supported only by perjured testimony and should have been thrown out. *Id.* Specifically, Brooks objects to the introduction at trial of testimony relating to an uncharged robbery of a drug dealer which occurred prior to the events in the indictment. *Id.*

Like the *Bruton* violation, petitioner's appellate counsel raised the ineffectiveness of trial counsel in addressing the 404(b) evidence. *Brooks*, 332 Ga. App. at 401. The Georgia Court of Appeals determined that the use of 404(b) evidence was appropriate because the only evidence presented that there was perjury was Brooks' own self-serving statements. *Id.* The habeas court likewise concluded that there was no evidence of ineffective assistance of appellate counsel where there was merely evidence of inconsistent statements and not perjury. Doc. 13-11 at 9. As a result, the habeas court determined that petitioner was unable to show the necessary prejudice under *Strickland*.

Petitioner has provided no additional evidence to support his claim that the 404(b) evidence was supported by perjured allegations, other than his self-serving statements. Any inconsistency in the testimony supporting the 404(b) evidence was determined by the habeas

court to be merely that—inconsistencies. *Id.*   Thus, there is nothing in the record to show that his appellate counsel was ineffective in promoting this claim—particularly as this claim was indeed raised by appellate counsel.   As the habeas court properly considered and discarded this claim—after fully considering testimony and the record below—and because petitioner has not provided any evidence to show that those decisions are not entitled to deference, his habeas petition as to this ground should be denied.

## IV.   CONCLUSION

Accordingly, Kevin Brooks' § 2254 motion should be **DENIED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right.   Accordingly, no certificate of appealability should issue.   28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").   Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C.

§ 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; s*ee Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>7th</u> day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

20