IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION



KEVIN BROOKS, )
 )
    Petitioner, )
 )
v. ) CASE NO. CV418-248
 )
CLINTON PERRY, )
 )
    Respondent. )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 14), to which objections have been filed (Doc. 17; Doc. 18). Petitioner's objections, however, are overruled and the report and recommendation is **ADOPTED** as the Court's opinion in this case. Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

In his federal habeas petition, Petitioner raises three challenges to his underlying state court conviction. (Doc. 1.) Essentially, Petitioner argues that his appellate counsel was ineffective by failing to (1) argue that his trial counsel was ineffective for not quashing both indictments which were returned by a convicted felon (Doc. 1 at 16); (2) cite law or show prejudice when arguing that Petitioner was subject to a <u>Bruton</u> violation at trial (<u>Id.</u> at 19); and (3) show that Petitioner's trial counsel was ineffective for failing to object to the introduction of 404(b) evidence at trial (<u>Id.</u> at 21). The

Magistrate Judge reviewed each of Petitioner's claims and denied each claim on the merits. While this Court is in full agreement with the Magistrate Judge, the Court will briefly address some of Petitioner's objections.

I. FAILURE TO QUASH THE INDICTMENTS

In his petition, Petitioner alleges that his appellate counsel was ineffective for failing to raise a claim against his trial counsel for failing to move to quash two indictments that were returned by a grand jury that included a convicted felon. (Doc. 1 at 16.) Petitioner contends that these indictments were void and that his trial counsel should have moved to quash each of these indictments. (Id.) The Magistrate Judge, however, disagreed. (Doc. 14.) The Magistrate Judge found that Petitioner's claim should be denied because the decision not to quash the indictments was a viable tactical strategy employed by his attorney not to further delay Petitioner's inevitable trial. (Id. at 11-14.) The Magistrate Court found that the Government would have simply sought a new indictment against Petitioner. (Id. at 12.)

In his objections, Petitioner asserts that the Magistrate Judge is incorrect because O.C.G.A § 17-7-53.1 states that a defendant cannot be indicted after two previous indictments for the same offense are quashed. (Doc. 17 at 9-10.) Petitioner contends that the two indictments brought against him while a convicted felon sat on the grand jury should have been quashed and

would have, as a result, barred his prosecution in this case. (Id.)

Petitioner's argument, however, is based on a flawed understanding of the law. As noted by the state habeas court, "the trial court would not have been required to grant the motions [to quash] and could, instead, have entered a judgment of nolle prosequi as to one of both of [the motions] so that O.C.G.A. § 17-5-53.1 would not have been triggered to prevent a third indictment." (Doc. 13, Attach. 11 at 5 (citing Blanton v. State, 324 Ga. App. 610, 751 S.E.2d 431 (2013)).) Because the trial court had discretion to enter a judgment of nolle prosequi as to one or both of the indictments and forgo the option to quash the indictments, Petitioner is unable to show that he is entitled to any relief. Petitioner cannot show that the outcome of his proceeding would have been different had his attorney moved to quash the indictments. As a result, Petitioner's claim must be denied.

II. FAILURE TO PROPERLY ARGUE BRUTON VIOLATION

In his petition, Petitioner also alleges that his appellate counsel was ineffective for failing to properly cite case law to support his argument that Petitioner suffered a Bruton violation at trial. A Bruton violation occurs when a court improperly allows the jury to hear extrajudicial statements of a non-testifying co-defendant that implicates the defendant. Bruton v. United States,

3

391 U.S. 123, 132, 88 S. Ct. 1620, 1625-26, 20 L. Ed. 2d 476 (1968). Petitioner contends that there was an impermissible reference to a confession of his co-defendant at trial and use of a redacted confession by his co-defendant that should have resulted in a mistrial. (Doc. 1 at 19.) On review, the Magistrate Judge found that Petitioner's claim failed because Petitioner was unable to show that the state court's determination that the Bruton violation did not affect the outcome of his trial was unreasonable. (Doc. 14 at 14-17.)

In his objections, Petitioner suggests that the redacted version of his co-defendant's confession was improper and should have entitled him to a mistrial. (Doc. 17 at 17-18.) Moreover, Petitioner complains that his appellate counsel was unable to explain their failure to cite case law in support of the argument on appeal that he was entitled to a new trial due to the Bruton violation. (Id. at 18.)

After careful review of the record and Petitioner's objections, this Court must again emphasize that Petitioner has failed to show that the underlying Bruton violation in this case impacted the outcome of his trial. In United States v. Turner, 474 F.3d 1265, 1278 (11th Cir. 2007), the Eleventh Circuit found that a defendant was unable to show that an alleged Bruton violation impacted the outcome of his trial when the Government presented overwhelming evidence of the defendant's guilt. Likewise, in this

case, Petitioner has not shown that the reference to his co-defendant's testimony made any difference in light of the overwhelming evidence presented to the jury. As such, his appellate counsel was not ineffective by failing to support this claim with case law or show prejudice arising from the alleged Bruton violation on appeal.

III. FAILURE TO CHALLENGE 404(B) EVIDENCE

In his petition, Petitioner finally argues that his appellate counsel was ineffective for failing to show that his trial counsel was ineffective by not objecting to the use of a prior uncharged robbery by the Government at trial. (Doc. 1 at 21.) On review, the Magistrate Judge concluded that there was no evidence in the record to show that the state habeas court did not properly consider and deny Petitioner's claim. In his objections, Petitioner asserts that the testimony was not admissible to prove either motive or identity and was, therefore, inadmissible at trial. (Doc. 17 at 19-23.) Additionally, Petitioner contends that the evidence was highly prejudicial in his case. (Id.)

After careful consideration, this Court agrees with the Magistrate Judge's conclusion that Petitioner has not offered any basis for this Court to find that the state court made an unreasonable determination with respect to Petitioner's claim. The standard that this Court must review the state habeas court's findings is highly deferential. See Bishop v. Warden, GDCP, 726

5

F.3d 1243, 1253 (11th Cir. 2013) (noting that "[28 U.S.C. § 2254] 'imposes a highly deferential standard for evaluating state court rulings' and 'demands that state-court decisions be given the benefit of the doubt" (quoting Renico v. Lett, 559 U.S. 766, 773, 130 S. Ct. 1855, 176 L.Ed.2d 34 (2014))). Petitioner has not provided a sufficient basis to find that the state court's denial of Petitioner's claim that his trial counsel was ineffective for failing to challenge the evidence of his prior charge was unreasonable. Accordingly, Petitioner's claim must be denied.

IV. CONCLUSION

For the foregoing reasons, the Court agrees with the report and recommendation. Accordingly, the report and recommendation (Doc. 14) is **ADOPTED** as this Court's opinion. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED this **3rd** day of July 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA